THE HONORABLE RONALD B. LEIGHTON

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT KANAM,

    Plaintiff,

v.

ROBERT DOWNS, Fairbanks Superior Court Judge, et al.

    Defendants.

Civil No. 09-5559-RBL

ORDER DISMISSING COMPLAINT AND DENYING AS MOOT THE MOTION FOR SUMMARY JUDGMENT

Plaintiff filed a Complaint [Dkt. #1] alleging violations of the Indian Child Welfare Act (ICWA), 25 U.S.C. § 1901 *et seq.*, and the Civil Rights Act, 42 U.S.C. § 1981 *et seq.* by Defendants Fairbanks Superior Court Judge Robert Downs, Fairbanks Assistant Attorney Gayle Garrigues, and the Alaska Commission on Judicial Conduct, all in their official capacities. Plaintiff has also made a request to proceed in forma pauperis and has filed a Motion for Summary Judgment. [Dkt. #2]. For the following reasons, Plaintiff's Complaint is DISMISSED for improper venue. Plaintiff's in forma pauperis request and Motion for Summary Judgment [Dkt. #2] are DENIED as MOOT.

ORDER - 1

## DISCUSSION

### A. Background

According to the Complaint, Plaintiff is one of several appointed "Indian Custodians" for two minors[1] whom are members of the Healy Lake Tribe in Alaska. Pursuant to 25 U.S.C. § 1911(c), Plaintiff asserts a right to intervene in the minors' state custody proceedings before the Fairbanks Superior Court. Plaintiff argues that the Defendants are obligated to place the minors with their Indian Custodian under 25 U.S.C. § 1920 and § 1922. Plaintiff asserts that the Defendants' failure to place the minors with their Indian Custodian violates ICWA and 42 U.S.C. § 1983, §1985, and §1986 of the Civil Rights Act. Plaintiff asks that the Court order the Defendants to place the two minors with one of their Indian Custodians. Plaintiff also requests that the Court order the Defendants to pay Plaintiff $1,000 per day for each day Defendants violate the provisions of ICWA.

### B. Venue is Improper

The Court does not address the alleged violations of ICWA and the Civil Rights Act because this Court is not the proper venue for Plaintiff's claims. Under 28 U.S.C. §1391(b),

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. §1391(b).

---

[1] The minor children named by Plaintiff are "S.P.F. Y.O.B. 2000 & V.M.F. Y.O.B. 2002."

ORDER - 2

Plaintiff's Complaint does not indicate that any of the Defendants reside or can be found in the State of Washington. Nor does the Complaint allege that any of the events giving rise to Plaintiff's claim occurred here.[2]

Pursuant to 28 U.S.C. § 1406(a), a "district court of a district in which [a case is filed] laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's Complaint is thus dismissed pursuant to 28 U.S.C. § 1406(a) for improper venue.

## *CONCLUSION*

Plaintiff's Complaint [Dkt. #1] is DISMISSED for improper venue. Plaintiff's in forma pauperis request and Motion for Summary Judgment [Dkt. #2] are DENIED as MOOT.

IT IS SO ORDERED.

Dated this 21st day of September 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[2] It is also not clear that the Court has jurisdiction over the claims or the Defendants.

ORDER - 3